**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

BRADEN PAQUETTE,

Plaintiff,

v.

CORECIVIC OF TENNESSEE, LC

Defendant.

Case No. 2:26-cv-01929-ART-DJA

**ORDER**

An in-person Early Neutral Evaluation ("ENE") is set for **Tuesday, December 1, 2026**. The parties must report to the chambers of the undersigned United States Magistrate Judge, Room 3005, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada at **9:00 a.m.** If any party is subject to coverage by an insurance carrier, a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim **must** attend.

Unless the Court orders otherwise, all parties and their counsel must be present in person for the entirety of the ENE session. A request to be excused from in-person appearance will be considered only after consultation with opposing counsel. **Requests must be submitted at least seven (7) days before the ENE date and be supported by good cause.** Telephonic appearances are **not** permitted.

In addition, the Court **parties must file a joint status report no later than October 30, 2026** confirming (1) the parties intention to attend the ENE, and (2) their belief that proceeding with the ENE would be a valuable use of the parties' and the Court's time. In recent months, parties have sought to reschedule or vacate ENEs at the last minute. The Court finds the alarming rate of last-minute cancelation and rescheduling requests based on non-emergent reasons effectively deprives others of the Court's time.

**PREPARATION FOR EARLY NEUTRAL EVALUATION**

Each party must submit a confidential ENE statement for in camera review. The ENE statement should **not exceed twenty (20) pages**. Exhibits, generally, should not exceed **50 pages**. The ENE statement must be **delivered electronically** to **Sunny_Gorba@nvd.uscourts.gov** by **3:00 p.m. on November 24, 2026**.

The ENE statement must be submitted on pleading paper (numbered consecutively beginning with 1 on the left margin of each page with no more than 28 lines per page) and contain the attorney or pro se party's name and address, court title, and case caption. The ENE statement **must** include:

1. a statement of the nature of the claims and defenses;
2. a concise summary of the evidence that supports your theory of the case, including key individuals who will provide testimony if this matter goes to trial, the Rule 26(a)(1)(A)(iii) computation of damages, and the Rule 26(a)(1)(A)(iv) insurance information;
3. an analysis of the key issues involved in the litigation;
4. a candid discussion of the strongest and weakest points in your case, both legal and factual;
5. documents or narrative supporting or defending the damages claim;
6. identification and frank explanation of any obstacles to settlement such as medical liens, statutory caps, or motions pending before the court;
7. documents that are relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to other discovery requests;
8. the history of settlement discussions, if any, that have occurred in this case including any demands, offers or offers of judgment made and, if applicable, the reasons rejected;
9. the initial settlement proposal (monetary and non-monetary terms) with a justification for any monetary amount.

Do **not** submit:

1. medical records or treatment records;
2. entire deposition transcripts; or
3. audio/video recordings.

Do **not** serve a copy of your confidential ENE statement on opposing counsel. Do **not** deliver or mail a copy to the clerk's office.

To facilitate a meaningful ENE, your utmost candor in responding to all of the above-listed topics is required. The ENE and the statements are confidential. Nothing that occurs during the ENE session will be disclosed to either the magistrate judge or district judge who are assigned to this case. Each ENE statement will be securely maintained in chambers and will be destroyed following the ENE.

Failure to comply with the requirements set forth in this Order will subject the non-compliant party to sanctions under Federal Rule of Civil Procedure 16(f).

Dated this 12th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE